IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

July 29, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| LAURA MAYSHARK NICHOLS | ) | WASHINGTON COUNTY |
| | ) | 03A01-9810-CV-00352 |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. RICHARD JOHNSON, |
| | ) | CHANCELLOR |
| | ) | |
| CRAIG ALAN NICHOLS | ) | |
| | ) | |
| Defendant-Appellant | ) | REMANDED |

CRAIG ALAN NICHOLS, Appellant, Pro Se

NO BRIEF FILED BY THE APPELLEE

O P I N I O N

Houston M. Goddard, P.J.

Craig Alan Nichols purports to perfect a Rule 3 appeal
from a judgment of the Circuit Court for Washington County,
granting his wife Laura Mayshark Nichols a divorce, $15,000 as
alimony in solido, and dividing their marital property.  The
Trial Court reserved the issue of child visitation and support

because Mr. Nichols is incarcerated in the penal system of the State of Tennessee.

Mr. Nichols filed a Rule 3 appeal questioning the award of the divorce, the failure to grant him visitation privileges with his children, the award of alimony in solido and the fact that he did not receive the personal property he was awarded under the decree.

It appears that subsequent to the decree being entered, Mr. Nichols filed a motion for a new trial or to alter and amend the findings of the Chancellor. The Chancellor denied the motion on the ground that it was not timely because it was not filed within 30 days after entry of the decree. He also ruled that even if it had been timely filed it would have been overruled.

Thereafter, Mr. Nichols filed a Rule 60 motion seeking to set aside the order denying his motion for a new trial or to alter and amend the judgment.

Still later, because he feared that he would be barred from appealing from the original judgment, he filed a notice of appeal which brought the case to this Court for consideration.

In light of the fact that a Rule 60 motion has been filed and is still pending in the Trial Court, it would be appropriate in the interest of judicial economy that the case be

remanded to the Trial Court for disposition of the Rule 60 motion, which thereafter may be appealed by any aggrieved party. See Spence v. Allstate Ins. Co., 883 S.W.2d 586 (Tenn.1994). Of course, if Mr. Nichols appeals, his first notice of appeal which initially brought the case here would be timely and enable this Court to address the merits of that appeal as well as disposition of the Rule 60 motion should it be adverse to Mr. Nichols.

For the foregoing reasons the case is remanded to the Trial Court for proceedings not inconsistent with this opinion. Costs of appeal are adjudged against Mr. Nichols.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.